USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
            COTT CORPORATION,

                              Plaintiff,

            -against-

            REFRESCO HOLDING B.V.,

                              Defendant.
------------------------------------------------------------- X

**ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION**

20 Civ. 1212 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Cott Corporation, a company incorporated under the laws of Canada and with its principal place of business in Florida, brings suit against Defendant Refresco Holdings B.V., a company incorporated under the laws of the Netherlands and with its principal place of business in the Netherlands. The alleged jurisdictional basis is diversity of citizenship, pursuant to 28 U.S.C. § 1332.

        For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.§ 1332(c)(1). Thus, Plaintiff is a citizen of Canada and Florida, while Defendant is a citizen of the Netherlands. "[T]he presence of aliens on two sides of a case destroys diversity jurisdiction." *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980). "[E]ven if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity i[s] nonetheless defeated if another alien party is present on the other side of the litigation." *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989); *see also Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000) (holding that diversity jurisdiction is lacking between parties incorporated in

foreign countries even if one of them has principal place of business in New York). Therefore, diversity jurisdiction is lacking in this action.

The complaint is dismissed for lack of subject matter jurisdiction. The Clerk is directed to close the case.

SO ORDERED.

Dated: February 27, 2020
New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge